UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA          CRIM. NO. 14-CR-00015

VERSUS                             JUDGE HICKS

MICHAEL THOMAS CUPP                MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Factual Background**

Defendant is required to register as a Tier 3 sex offender following his convictions for, among other things, forcible rape and incest with his biological daughter. Doc. 37, p.3. Tier 3 offenders are the most serious offenders and are required to update their registration quarterly.

Defendant registered as a sex offender in Caddo Parish from 2006 to 2008. Defendant listed his address as a residence on Wichita Street in Shreveport. After 2008, Defendant registered only in Panola County, Texas where he also obtained a temporary driver's license. However, Defendant did not live in Panola County. His sisters signed written statements that he never lived at the Panola address (which was the residence of one of Defendant's sisters) indicated on the registration form. In fact, Defendant was working full time in Shreveport at County Market and residing on Sussex Street in Shreveport. (Defendant moved from Wichita Street to Sussex Street when the former residence burned down.)

When authorities in Texas learned that Defendant was not registering at the proper address, they issued a warrant for his arrest. Deputy Thomas Bloxom and Deputy John Spaulding from the U.S. Marshal's office in Shreveport received the warrant and located Defendant at County Market on Hearne Avenue in Shreveport. The deputies identified themselves as law enforcement and asked if there was a more private area where they could talk. Defendant led them into a hallway. The deputies asked Defendant for his name and asked why he had not registered as a sex offender. Defendant stated that he did not have a permanent address but was living on Sussex Street in Shreveport 75% of the time. Defendant also stated that he lived with his sister in Texas until November 2012. The deputies then arrested Defendant and advised him of his *Miranda* rights.

The deputies interviewed Defendant later that same day at the Caddo Correctional Center. Prior to the interview, Defendant was advised of his *Miranda* rights and he signed a Waiver of Rights form. Defendant again stated that he lived with his sister in Texas from 2008 to 2012 and had lived on Sussex Street in Shreveport since 2012.

The federal grand jury in Shreveport indicted Defendant on one count of failing to register as a sex offender and one count of making a false statement to a federal agent. Before the court is Defendant's Motion to Suppress (Doc. 31) and Motion to Dismiss (Doc. 30). In the motion to suppress, Defendant argues that his statements to the deputies during the encounter at County Market resulted from a custodial interrogation without proper *Miranda* warnings. In the motion to dismiss, Defendant argues that he had no duty to register or to update a registration under SORNA. Defendant also argues that the federal government

has no jurisdiction over this matter because Defendant did not travel in interstate commerce to reside, work, or attend school. For the reasons that follow, it is recommended that both motions be denied.

**Motion to Suppress**

When determining whether a person is in custody for the purposes of Miranda, the facts of each case must be objectively considered by the court. However, the ultimate inquiry is simply whether there is a formal arrest or restraint on freedom of movement of the degree associated with formal arrest. Yarborough v. Alvarado, 541 U.S. 652 (2004). Custody must be determined based on how a reasonable person in the suspect's situation would perceive his circumstances. Id. Both the characteristics of the accused and the details of the interrogation should be considered in determining voluntariness. Schneckloth v. Bustamonte, 412 U.S. 218 (1973).

The factors to be considered include: location of the questioning; whether Miranda warnings were given; whether the accused initiated contact with the officers; the accused's youth, intelligence, drug problems, mental and physial problems; the accused's experience with the criminal justice system; the length of detention; whether the questioning was repeated or prolonged; and whether physical punishment was used, such as deprivation of food or sleep. Id.

A consideration of those factors results in a finding that Defendant's statements were not the result of a custodial interrogation. The encounter was not in a police station or other government facility. It took place at the County Market, in a private hallway personally

selected by Defendant. While Miranda warnings were not given at the outset, Defendant freely and voluntarily spoke to the deputies. Defendant was not told he was under arrest and was not even aware of the arrest warrant at the time he made the statements in question. Deputy Bloxom clearly intended to arrest Defendant, but Defendant did not know that, and a reasonable person in his position would not have known that at the time the statements were made. Defendant was not restrained, and no trickery, physical or mental force, or intimidation was used. In light of the circumstances, a reasonable person in Defendant's situation at the time of the initial questioning at County Market would not thought himself restrained to the degree associated with a formal arrest.

To the extent Defendant challenges the voluntariness of his later statements at the jail, his challenge cannot stand. Defendant was advised of his Miranda rights before the interview, and he signed a waiver form in which he agreed to speak to the deputies. Defendant is no stranger to police procedures, and he was cordial and cooperative with the deputies throughout the interview. The totality of the circumstances show that his post-Miranda statements were voluntarily made.

**Motion to Dismiss**

Defendant's dismissal argument boils down to this: He was under no obligation to register in Texas (because he did not live there), and the fact that he did so does not violate federal law. Defendant contends that his only violation was failing to keep his Louisiana registration current, which Defendant says is purely a state matter.

The purpose of SORNA, 18 U.S.C. § 2250, is to protect the public from sex offenders by establishing a national system that cannot be eluded by moving around the country. U.S. v. Whaley, 577 F.3d 254, 259-260 (5th Cir. 2009). The focus of SORNA is on those sex offenders who were escaping registration through interstate travel, not registration generally, because most states already had registration requirements. Id.

Defendant traveled from Louisiana to Texas on at least five occasions for the purpose of registering as a sex offender in Texas – even though he did not live in Texas. By doing so, Defendant intentionally deceived law enforcement in both Texas and Louisiana, as well as his neighbors in Shreveport, about his true residence. This is the sort of trickery that SORNA was enacted to punish.

Accordingly,

**IT IS RECOMMENDED** that Defendant's Motion to Suppress (Doc. 31) and Motion to Dismiss (Doc. 30) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 45(b). A party may respond to another party's objections within **seven (7) days** from the filing of the objections. Counsel are directed to furnish a paper courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of May, 2014.

Mark L. Hornsby
U.S. Magistrate Judge