**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 14-00015

VERSUS                                                       JUDGE S. MAURICE HICKS, JR.

MICHAEL THOMAS CUPP                         MAGISTRATE  JUDGE  HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion to Amend Sentence (Record Document 98) filed by Petitioner Michael Thomas Cupp ("Cupp").  Cupp states that he was not released to the custody of the Federal Bureau of Prisons until April 8, 2016 and "it [was] on this date that the FBOP began computation of [his federal] sentence." Id. at 1.  Cupp asks this Court to amend his sentence such that his federal term of imprisonment runs concurrently with his state court sentence in Texas.  See id. at 2.  He also asks that he be given credit for time served in federal custody after January 2, 2014.  See id.  Cupp submits that he does not believe that it was this Court's intent to have his state and federal sentences run consecutive.  See id.

Cupp's motion presents two separate issues: credit for time served and concurrent versus consecutive sentences.  At sentencing, the undersigned stated that he would allow Cupp to have credit for time served.  See Record Document 73 at 532; Record Document 68 at 2.  The intent of this statement was credit for time served in federal custody.  Cupp shall be given credit for all time served in *federal* custody of the United States Marshal and/or the Bureau of Prisons.

Cupp also asks the Court to amend his sentence such that his federal and state

sentences run concurrently. This request implicates 18 U.S.C. § 3584(a), which provides,

in pertinent part:

> Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a). The statute has two functions. First, it grants federal sentencing

courts the discretion to impose concurrent or consecutive sentences except in specified

circumstances. Second, it creates a presumption regarding whether multiple terms of

imprisonment run concurrently or consecutively when the sentencing court is silent on the

matter. The Fifth Circuit has interpreted Section 3584(a) as granting the district court the

discretion to order a federal term of imprisonment to run concurrently with an anticipated

but yet to be imposed state sentence. See U.S. v. Hernandez, 234 F.3d 252, 256 (5th

Cir.2000).

In this case, while the Court expressed its position about credit for time served in

federal custody, it took no position on whether Cupp's 60 month federal sentence would

run concurrently with or consecutively to any anticipated, but not yet imposed, state

sentence. Such silence invokes the presumption that the federal sentence would run

consecutive to any term of imprisonment imposed at a different time. See 18 U.S.C. §

3584(a); Hernandez, 234 F.3d at 256-257. When a federal judgment is silent with respect

to whether sentences are to run concurrently or consecutively, the presumption is that they

will run consecutively unless the court specifically orders that they run concurrently. <u>See</u> <u>Free v. Miles</u>, 333 F.3d 550, 553 (5th Cir.2003). The failure to provide for concurrent sentences for multiple terms of imprisonment imposed at different times necessarily results in the imposition of consecutive sentences. <u>See</u> <u>Hernandez</u>, 234 F.3d at 256-57; <u>U.S. v.</u> <u>Brown</u>, 920 F.2d 1212, 1217 (5th Cir.1991).

Because this Court did not specify that Cupp's federal sentence would run concurrently with any later imposed state sentence, the federal sentence runs consecutively to his state sentence.

Accordingly,

**IT IS ORDERED** that the Motion to Amend Sentence (Record Document 98) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of May, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE