**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-00015 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL THOMAS CUPP | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Defendant Michael Thomas Cupp's ("Cupp") letter motion seeking clarification of his jail credit. See Record Document 108. Cupp noted this Court's previous order of May 9, 2017, which stated:

> Cupp's motion presents two separate issues: credit for time served and concurrent versus consecutive sentences. At sentencing, the undersigned stated that he would allow Cupp to have credit for time served. See Record Document 73 at 532; Record Document 68 at 2. The intent of this statement was credit for time served in federal custody. Cupp shall be given credit for all time served in ***federal*** custody of the United States Marshal and/or the Bureau of Prisons.

Record Document 99 at 1. Cupp now argues that the Bureau of Prisons is not giving him credit for the 308 days he served in the Panola County Texas Jail awaiting the outcome of his Texas State charges. See Record Document 108 at 1-2. Cupp maintains he was in federal custody during this time and asks for "jail credit" for such time. See id. at 2-3.

The governing statute is Title 18, United States Code, Section 3585(b), which provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>     (1)    as a result of the offense for which the sentence was imposed; or
>
>     (2)    as a result of any other charge for which the defendant was

> arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b). "Only the Attorney General, through the BOP, may compute a prisoner's credits." Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010), citing U.S. v. Wilson, 503 U.S. 329, 334-335, 112 S.Ct. 1351 (1992).

Here, Cupp should exhaust his administrative remedies within the BOP. See U.S. v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355 (1992). If he believes he has not been given proper credit toward his federal sentence at the conclusion of the administrative proceeding, then Cupp can challenge the Bureau of Prison's calculation in a petition pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir.2000); U.S. v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir.1998). Thus, at this stage, the Court will not clarify Cupp's sentence further and the letter motion (Record Document 108) seeking clarification of jail credit is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 31st day of August, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT