**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-00015 |
| | CIVIL ACTION NO. 16-0342 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL THOMAS CUPP | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Michael Thomas Cupp's ("Cupp") "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." See Record Document 86. Cupp asks the Court to reduce his sentence to 18-24 months on the following grounds: (1) Deputy United States Marshal Bloxom ("Deputy U.S. Marshal Bloxom") gave misleading testimony or lied on the stand during the detention hearing and at sentencing; and (2) ineffective assistance of counsel. See id.; see also Record Document 93 at 6. The Government answered the motion, submitting that Cupp's motion should be denied in its entirety. See Record Document 92. For the reasons discussed herein, Cupp's Section 2255 motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 2, 2014, Cupp was arrested pursuant to an Arrest Warrant for "Failure to Register as a Sex Offender in violation of Title 18, United States Code, Section 2250(a)." Record Document 5. Cupp made his initial appearance on this same date and his oral motion for appointment of counsel was granted. See Record Document 8. The Officer of the Federal Public Defender was appointed to represent Cupp or to recommend counsel to represent Cupp in all further proceedings. See id.

On January 7, 2014, Harold Gilley enrolled as CJA appointed counsel for Cupp. See Record Documents 10 & 12. A detention hearing was held on January 10, 2014 and the Court determined that Cupp failed to rebut the presumption in favor of detention. See Record Document 13. He was remanded to the custody of the U.S. Marshal pending trial. See id.; see also Record Document 14.

On January 22, 2014, a federal grand jury returned a two-count indictment against Cupp, charging him with failure to register as a sex offender and false statement to a federal officer. See Record Document 22. Cupp filed a motion to dismiss the indictment for lack of jurisdiction and a motion to suppress. See Record Documents 30 & 31. After an evidentiary hearing, both motions were denied. See Record Documents 38, 48, & 50.

On July 29, 2014, Cupp entered a conditional guilty plea to Count One, that is, failure to update his sex offender registration after traveling in interstate commerce in violation of 18 U.S.C. § 2250(a). See Record Document 58. On November 12, 2014, he was sentenced to 60 months imprisonment. See Record Document 64 & 68.

Cupp appealed, arguing the denial of his motion to dismiss was improper and that his sentence was too severe. See Record Documents 69 & 83. On August 6, 2015, the United States Court of Appeals for the Fifth Circuit rejected his challenges and affirmed his conviction and sentence. See Record Document 83.

On March 14, 2016, Cupp filed the instant Section 2255 motion. See Record Document 86. The Government responded on July 17, 2016, to which Cupp replied. See Record Documents 92 & 93.

## LAW AND ANALYSIS

I.  **SECTION 2255 LEGAL STANDARD**

The federal habeas corpus remedy is contained in Title 28, United States Code, Section 2255, which provides that a prisoner serving a federal sentence may make a motion to vacate, set aside, or correct his sentence within a year after his conviction has become final. Review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. However, after conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-232 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584 (1982). According to the Supreme Court, "our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks . . . to the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-165.

Consequently, issues that can be presented in a motion filed under Section 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a petitioner wishes to assert issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a petitioner must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 U.S. at 168; Shaid, 937 F.2d at 232. To establish "cause," defendant must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993) (applying the same "cause" standard to a prisoner's second Section 2255 motion). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

## II. ANALYSIS

### A. Alleged False or Misleading Testimony.

Cupp maintains that Deputy U.S. Marshal Bloxom gave misleading testimony and/or lied on the stand during both the detention hearing and sentencing hearing. See Record Document 86 at 4. Cupp admits that this issue was not raised on appeal. See Record Document 93 at 4. Cupp also concedes his guilt, but "doesn't believe he should be penalized for the lies told by the Deputy Marshal." Id. at 6.

This claim was not alleged on direct appeal; thus, it is procedurally barred. Notwithstanding, Cupp has presented no evidence that Deputy U.S. Marshal Bloxom testified falsely. While courts are called to construe *pro se* Section 2255 petitions liberally, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993). Cupp's allegations that

Deputy U.S. Marshal Bloxom lied or gave misleading testimony are conclusory and unsupported by any evidence, documentary or otherwise. Accordingly, Cupp's Section 2255 claim based on alleged false or misleading testimony is denied.

### B. Ineffective Assistance of Counsel.

Cupp argues that his attorney was incompetent and "did nothing to help him." Record Document 86 at 5. Cupp alleges he told his attorney that Deputy U.S. Marshal Bloxom lied, and his attorney did nothing, stating "it didn't matter that he lied." Id. Cupp further maintains that he gave his attorney a list of names to call as witnesses at the sentencing hearing and his attorney refused to call any witnesses. See id.

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. See Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693-94 (2003). This "procedural default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 504. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. See id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See id. Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under Section 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, a claimant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence. See id. at 690. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id.

Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 694. A claimant must demonstrate that the attorney's errors "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). If a claimant fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Bryant, 28 F.3d at 1415. To show that an attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the claimant must demonstrate that counsel's error led to some increase in

the length of imprisonment.  See Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696 (2001).

Here, Cupp has failed to establish either prong of the Strickland test.  Cupp argues that his counsel was ineffective for failing to address his concerns that Deputy U.S. Marshal Bloxom lied and/or gave misleading testimony at the detention hearing and at sentencing.  Yet, as set forth above, Cupp has provided this Court with nothing more than conclusory allegations that Deputy U.S. Marshal Bloxom lied.  Cupp also alleges that his attorney was ineffective for failing to call witnesses at sentencing.  "To prevail on an ineffective assistance claim based upon uncalled witnesses, an applicant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable." Gregory v. Thaler, 601 F.3d 347, 352 (5th Cir. 2010).  Cupp has not named the witnesses, set forth the content of their testimony, or shown how their testimony would have been favorable.  Cupp's ineffective assistance of counsel claims must fail as he has not proven that his counsel's actions fell below an objective standard of reasonableness or that his counsel's alleged ineffective assistance was prejudicial.

## CONCLUSION

Cupp's claim regarding the alleged false or misleading testimony of Deputy U.S. Marshal Bloxom fails because it is procedurally barred.  Additionally, such claim lacks merit because it is based on wholly conclusory allegations.  Cupp's claims of ineffective assistance of counsel are unsuccessful because he cannot satisfy either prong of the Strickland standard.  Accordingly, Cupp's "Motion under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody" (Record Document 86) is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of February, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT